**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHEILA PATTERSON,
Plaintiff-Appellant,

v.

COUNTY OF FAIRFAX, VIRGINIA; THE
BOARD OF COUNTY SUPERVISORS,
Defendants-Appellees.

No. 97-1015

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-93-788-A)

Submitted: May 29, 1998

Decided: December 15, 1998

Before MICHAEL, Circuit Judge, and HALL and PHILLIPS,
Senior Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Sheila Patterson, Appellant Pro Se. Cynthia Lee Tianti, COUNTY
ATTORNEY'S OFFICE, Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sheila Patterson appeals from the district court's order granting the Defendants' motion for summary judgment in her employment discrimination action. We affirm in part, and vacate and remand in part.

This Court reviews a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences are to be drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

We have reviewed the record and the district court's order and concur with the district court's determination that Patterson failed to present sufficient evidence to defeat the Defendants' motion for summary judgment in regards to her claims of discriminatory failure to promote, discriminatory denial of training opportunities, discriminatory application of disciplinary proceedings, and retaliation. Accordingly, we affirm the portion of the district court's order granting summary judgment as to these claims.

Turning to Patterson's hostile work environment claim, however, we cannot agree with the district court that the incidents alleged by Patterson are not sufficiently severe or pervasive to state a claim. Specifically, we note that Patterson alleged not only repeated incidents of verbal harassment, but also incidents in which her fellow officers sprayed mace in her car, on her chair, and directly into her face. Additionally, she claimed that her fellow officers intentionally interfered with her ability to call for back-up, and occasionally failed to respond to successfully transmitted requests. We find these allegations suffi-

2

ciently severe and pervasive to demonstrate a hostile work environment for purposes of Title VII. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986).

Although, Patterson failed to support these claims with verified evidence, we note that Patterson's exhibits were destroyed by the district court following this court's initial remand of the case in No. 94-1218. Given this destruction, and our determination that the facts, as alleged by Patterson, are sufficient to state a claim, we conclude that the district court should have granted Patterson a reasonable additional period of time to garner and submit her exhibits. Accordingly, while affirming the district court's order in part, we vacate that portion addressing Patterson's hostile work environment claim, and remand that claim for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND REMANDED IN PART

3